# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANNY LAMBETH, d/b/a/** ) | |
| **TRUCK WHOLESALE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2069-CM |
| ) | |
| **DEBRA L. MILLER, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Danny Lambeth, d/b/a Truck Wholesale, brings this civil rights action, *pro se*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings that resulted in an order to abate a nuisance on his property. This case is before the court on the following motions:

Defendant Ronnie Gibson, d/b/a Gibson's Recycling ("Gibson") filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 55.)

Defendant Alter Trading Corporation ("Alter Trading") filed a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 61.)

Defendants Lisa L. Johnson, Larry Walrod, Roy Dunn, Sue Farrell, Don Hay, Don Stottemire, and John E. Taylor, (collectively the "Franklin County" defendants), filed a motion to dismiss based on failure to state a claim upon which relief can be granted, and the *Younger* doctrine. (Doc. 65.)

Defendant Governor Sebelius filed a motion to dismiss based on the *Rooker-Feldman* doctrine and/or failure to state a claim upon which relief can be granted. (Doc. 69.)

Defendants Richard M. Smith, Amy Harth, and Terry Bullock, (collectively the "Kansas District Court Judges"), filed a motion to dismiss based on the *Rooker-Feldman* doctrine, judicial immunity and failure to state a claim upon which relief can be granted. (Doc. 71.)

Defendants Brian Moline, Michael Moffet, and Robert Krehbiel (collectively the "Commissioners") are current or former commissioners of the State Corporation Commission of the State of Kansas ("KCC"). They filed a motion to dismiss based on absolute immunity, the *Rooker-Feldman* doctrine, and failure to state a claim upon which relief can be granted. (Doc. 74.)

Defendants Debra L. Miller, Secretary of the Kansas Department of Transportation ("KDOT"), Joseph E. Erskine, Sally A. Howard, Carmen Bakarich, and Marvin Neukirch (collectively the "KDOT" defendants), filed a motion to dismiss based on the *Rooker-Feldman* doctrine and/or for failure to state a claim upon which relief can be granted. (Doc. 78.)

Defendants David Hegler – Miami County Counselor, and Miami County Commissioners Jim Wise, Art Godfrey, George Pretz, Ron Stiles, and Lyle Wobker (collectively the "Miami County" defendants), filed a motion for judgment on the pleadings based on the *Rooker-Feldman* doctrine, qualified immunity and/or legislative immunity, and failure to state a claim upon which relief can be granted. (Doc. 83.)

Defendants have aligned themselves by way of grouped motions, set out above, all asserting that plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, or alternatively, the majority of the moving defendants allege that the *Rooker-Feldman* doctrine bars this court from addressing plaintiff's claims. For the following reasons, the court grants defendants' motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Although plaintiff recently filed the amended complaint in this case, the various proceedings underlying his claims have a history going back many years. The following facts are consistent among the pleadings.[1]

### A. Underlying State Actions

#### i. Salvage Certificate Revocation

Plaintiff operates a salvage yard for industrial equipment and over-the-road tractor trailers. In 2001, defendant KDOT brought an action in Miami County against plaintiff, asserting violation of the Kansas Junkyard and Salvage Control Act. In September 2001, KDOT revoked plaintiff's Salvage Certificate of Compliance. The decision was timely appealed, and after an evidentiary hearing, the administrative hearing officer affirmed the revocation. Plaintiff appealed to the Shawnee County District Court, and defendant Judge Terry Bullock upheld the final KDOT order revoking plaintiff's Salvage Certificate of Compliance. Plaintiff did not appeal the order of the Shawnee County District Court.

#### ii. Miami County Conditional Use Permit

At some point in 2002, the Miami County Board of County Commissioners – which included the Miami County defendants – adopted a resolution setting out certain conditions plaintiff was required to comply with as a business operating with a Conditional Use Permit he had obtained in 1991. Plaintiff sued Miami County and the Board of Commissioners in the Miami County District Court. Defendant Judge Richard Smith dismissed plaintiff's claims as procedurally barred, noting nevertheless that the resolution's modifications were reasonable. Plaintiff unsuccessfully appealed

---

[1] This court may take judicial notice of state court filings and other public records. Such documents may be attached to a motion to dismiss without converting the motion to one for summary judgment. *Cont'l Coal, Inc. v. Cunningham*, 511 F. Supp. 2d 1065, 1071 (D. Kan. 2007); *Lewis v. State of Kansas*, No. 04-2366-CM, 2005 WL 1229732, at *3 (D. Kan. May 24, 2005).

to the Kansas Court of Appeals.

### iii. Miami County Abatement Action

In 2003, KDOT filed a Petition for Abatement of plaintiff's allegedly illegal salvage yard in the District Court of Miami County, Kansas, Case No. 03-C-169. Defendant Judge Richard Smith granted summary judgment for KDOT, thus authorizing KDOT to abate the salvage yard. Defendant Judge Amy Harth later denied plaintiff's Request for Reconsideration.

Plaintiff unsuccessfully attempted to remove both the Shawnee County salvage certificate revocation and the Miami County abatement proceeding to federal court after the final rulings. The Tenth Circuit denied relief on appeal. Plaintiff then unsuccessfully appealed the Miami County matter to the Kansas Court of Appeals. In 2007, the Kansas Supreme Court denied plaintiff's petition for review.

### iv. Kansas Corporation Commission Orders

Additionally, it appears that the KCC initiated proceedings against plaintiff for the violation of certain motor carrier laws in 2006, which involved an investigation and an evidentiary hearing by defendant Commissioners. Plaintiff has allegedly failed to comply with the orders of the KCC regarding the violations.

### B. Action in this Court

Plaintiff's original complaint in this court alleged various constitutional claims against defendants KDOT, Alter Trading Corporation, and Ronnie Gibson, d/b/a Gibson's Recycling ("Gibson") and 100 "John Does" concerning property located in Miami County. It also sought "an injunction to stop KDOT from seizing Plaintiff's personal property." (Doc. 1, at 7.) KDOT has requested that defendant Gibson arrange to abate the salvage materials on plaintiff's property. Defendant Alter Trading Corporation is a company that purchases scrap materials.

Plaintiff filed an amended complaint, adding several defendants, including 100 more John and Jane Does, "et al.," and various public officials and judges who were involved in or presided over the various state court proceedings he protests. (Doc. 46, at 26, 32.) Plaintiff also named Franklin County officials who are involved in an ongoing nuisance abatement proceeding initiated against plaintiff in Franklin County in 2006.

Plaintiff alleges that (1) defendants used state courts to deny plaintiff's constitutional rights; (2) the state court actions in Shawnee and Miami counties violated the constitutional prohibition against double jeopardy; and (3) civil conspiracy. His claimed injury is the "abat[ement of] his business" and "destr[uction of] his life work and assets." (Doc. 46, at 37.) The court has examined plaintiff's lengthy amended complaint. He does not seek monetary damages. Plaintiff attempts to convince this court that the state court proceedings were unlawful. He ultimately seeks for this court to "issue orders to reverse, dismiss, quash or otherwise dispose of defendants['] improper prosecution . . . and order that all of the [state] court rulings be stricken from the record of this case . . . ." (Doc. 46, at 42.)[2]

Common to defendants' motions are the assertions that plaintiff's pleadings fail to state a claim upon which relief can be granted. The majority of these defendants also assert, additionally or alternatively, that plaintiff's civil rights and conspiracy claims are barred by the *Rooker-Feldman*

---

[2] Specifically, in his 48-page, single-spaced amended complaint, plaintiff argues that "[t]he defendants has [*sic*] no authority over Plaintiff Truck Wholesale's used vehicle business or its used vehicles. And, that [abatement] action would put Plaintiff Truck Wholesale . . . out of business. The office of the Defendants claims that Plaintiff Truck Wholesale is a public nuisance . . . Plaintiff Truck Wholesale is not just a 'Junkyard' as the defendants states [*sic*]. Plaintiff Truck Wholesale operates legally with the required licenses. . . . Plaintiff Danny Lambeth has fought, over these past few years, to be given a fair chance to be heard by jury trial, or at least oral arguments, in order to preserve his business, the value of his children's property, and their freedoms and rights. It is unimaginable that the State of Kansas would take away Plaintiff['s] life's work and his livelihood. [Plaintiff] pleads to this Court to be given due process under the law and to be allowed to state his case in his own words." (Doc. 46, at 32.)

doctrine. Although the defendants make various other arguments,[3] the court addresses the *Rooker-Feldman* doctrine at the outset, because it presents a jurisdictional question.

## II.     JUDGMENT STANDARDS

When, as here, a plaintiff proceeds *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). While "failure to set forth clear and particularized jurisdictional allegations is not fatal to [a *pro se* party's] case," *Sears*, 1987 WL 15547, at *1, the court will not construe the plaintiff's complaint to create jurisdiction where there is none. Federal courts, as courts of limited jurisdiction, may exercise jurisdiction only when authorized. *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *1 (D. Kan. Oct. 24, 2007) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). There is a presumption against federal jurisdiction, *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999), and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Mere conclusory allegations of jurisdiction are not enough. *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Under rule 12(b)(1) Federal Rules of Civil Procedure, this court may dismiss a claim for lack of subject matter jurisdiction.

## III.    DISCUSSION

At the outset, this court is concerned about its jurisdiction. Six of the eight instant motions

---

[3] *I.e.*, double jeopardy is not a permissible claim in this civil action; or raise immunity, res judicata, or the *Younger* doctrine as a bar to plaintiff's claims.

raise this issue, claiming the *Rooker-Feldman* doctrine bars consideration of plaintiff's claims, and plaintiff has had a full and fair opportunity to respond.[4] Plaintiff's consolidated response appears to argue that the *Rooker-Feldman* doctrine does not bar this court's consideration of the propriety of the state court rulings in this case. Although not every motion before the court addresses this threshold issue, the court has an independent duty to determine whether it has jurisdiction over this matter. *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986).

### A.  *Rooker-Feldman*

Federal statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a). It is the United States Supreme Court, and not the lower federal courts, which holds the power of judicial review over state judgments. The *Rooker-Feldman* doctrine recognizes that section 1257(a) "implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004) *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), *as recognized in Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008)). In other words, the *Rooker-Feldman* doctrine prevents this court from exercising jurisdiction over cases brought by state-court losers challenging final state-court judgments rendered before the proceeding in this court commenced. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

---

[4] Only defendant Gibson (Doc. 55), and the Franklin County defendants (Doc 65) do not cite *Rooker-Feldman* as a jurisdictional bar.

Constitutional claims that are inextricably intertwined with state-court judgments are barred by the *Rooker-Feldman* doctrine unless they fall into one of two categories: the first category consists of general constitutional challenges where the party does not request that the federal court upset a prior state-court judgment applying the contested law against the party, and the prior state-court judgment did not actually decide that the state law at issue was facially unconstitutional. The second category consists of cases in which a party may challenge state procedures for enforcement of a judgment, where consideration of the underlying state-court decision is not required. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).

Here, plaintiff does not challenge the constitutionality of a particular law applied by the state court. His ultimate request is that this court set aside the state court judgments against him. Nor do plaintiff's claims fit in the second category. He is not challenging state procedures for enforcing the state court judgments against him. In this action, plaintiff seeks exactly what the *Rooker-Feldman* doctrine prevents.[5] *Erlandson*, 528 F.3d at 789–90; *Calvert v. Safranek*, 209 F. App'x 816 (10th Cir. 2006) (holding *Rooker-Feldman* doctrine barred property owner's claims that state prosecutions for violating county zoning ordinances by maintaining property as a "junk yard" were malicious and violated his due process and equal protection rights; to give property owner the remedy he sought, the court would have to abrogate the underlying state court judgment.).

In support of his § 1983 and civil conspiracy claims, plaintiff alleges irregularities and

---

[5] Defendant Gibson and defendant Alter Trading were not parties to the underlying state court actions, but were later apparently enlisted by KDOT to carry out the abatement orders. Generally, *Rooker-Feldman* may not be invoked against a party who was not a party to the underlying state court action, despite privity. *See Lance*, 546 U.S. at 464. However, preclusion principles demand the same result. *See* 28 U.S.C. § 1738. It is the relief sought, rather than the party named, which prevents this court from exercising jurisdiction over plaintiff's claims in this case. The relief plaintiff seeks as to these two defendants, as with the rest of the defendants, would require the same impermissible consideration of the merits of the state court cases, and seek ultimately to upset the final state court judgment.

inconsistencies in the revocation of his salvage and storage certificate, and in the petition for abatement initiated by these defendants, and alleges they failed to properly commence or prosecute the action. He specifically alleges errors in service; lack of jurisdiction; lack of standing; denial of a jury trial; and violation of equal protection and due process. Plaintiff asks this court to "issue orders to reverse, dismiss, quash or otherwise dispose of defendants' improper prosecution." (Doc. 46, at 42.) As is clear from the relief sought, *see Crutchfield*, 389 F.3d at 1147–48, the injury of which plaintiff complains arises from the state court judgment itself. Were this court to grant plaintiff the relief sought, it would disrupt enforcement of the state court order, as if this court had declared it void. Since this court has no power to review the order itself, it has no power to disrupt its enforcement. *See Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (holding that a party losing in state court may not seek what would amount to appellate review of that decision in federal court based on the claim that the decision violates the losing party's federal rights). The lower federal courts lack jurisdiction to review, reverse, or grant relief from a final state court judgment, even if that judgment was the result of some alleged constitutional violation. *See Crutchfield*, 389 F.3d at 1147. The United States Supreme Court is the appropriate forum in which to raise these challenges.[6] *See Lance*, 546 U.S. at 463.

Because plaintiff's claims against Gibson, Alter Trading, Franklin and Miami County defendants, the Kansas district judges, Governor Sebelius, KCC commissioners, and KDOT seek only to disrupt or undo a final state court judgment, this court grants defendants' motions to dismiss and motions for judgment on the pleadings. On present showing, this court has no power to enter the relief sought by plaintiff. In light of this ruling, the court declines to address defendants' other

---

[6] In his amended complaint, plaintiff alleges that he "is in the process of filing a writ of Certiorari with the Supreme Court of the United States and has recently filed a[n] extension of time with that Court." This court is unable to determine that there has been any such writ filed.

-9-

arguments in support of dismissal.

Furthermore, because the court dismisses plaintiff's complaint with prejudice, the court denies as moot the outstanding motions pending in the case, which include a motion to strike certain of plaintiff's pleadings (Doc. 88), and other motions to strike surreplies and other pleadings filed by plaintiff without leave of the court. (Docs. 99, 100, 102)[7].

**IT IS THEREFORE ORDERED** that defendants' motions for judgment on the pleadings (Docs. 61, 83), and motions to dismiss (Docs. 55, 61, 65, 69, 71, 74, and 78) are granted.

**IT IS FURTHER ORDERED** that defendants' motions to strike (Docs. 88, 99, 100, and 102) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed with prejudice for the reasons set out above.

Dated this 5th day of January 2009, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**

---

[7] After plaintiff filed his consolidated response to defendants' motions, plaintiff filed a pleading entitled "Plaintiffs' Objection to Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss; and," [*sic*] (Doc. 98), to which plaintiff attached 19 exhibits. (Doc. 98-2.) As of the date of this order, three motions to strike this "Objection" have been filed. (Docs. 99, 100, and 102). On November 24, 2008, plaintiff filed a 56-page document entitled "Addendum to Plaintiffs' Objection to Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss" (Doc. 101). The rules concerning the filing of a surreply are well established in this district. Under D. Kan. Rule 7. 1, parties are permitted to file a motion, a response and a reply. Surreplies are typically not allowed. See, *e.g.*, *King v. Knoll*, 399 F.Supp.2d 1169 (D.Kan.2005). Surreplies are permitted in rare cases where a movant improperly raises new arguments in a reply. In such a situation, leave of court must be secured before filing a surreply. Here, plaintiff has not received permission to file these two documents, which are essentially surreplies. The court therefore has not considered Doc. 98 or Doc. 101 in entering this order.